D. Victoria Baranetsky (SBN 311892)
THE CENTER FOR INVESTIGATIVE REPORTING
1400 65th St., Suite 200
Emeryville, CA 94608
Telephone: (510) 809-3160
Fax: (510) 849-6141
vbaranetsky@revealnews.org

Rachel Brooke (SBN 330505)
THE CENTER FOR INVESTIGATIVE REPORTING
1400 65th St., Suite 200
Emeryville, CA 94608
Telephone: (510) 809-2215
Fax: (510) 849-6141
rbrooke@revealnews.org

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| THE CENTER FOR INVESTIGATIVE REPORTING and LANCE WILLIAMS,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF INTERIOR,<br><br>Defendant. | Case No. _____<br><br>**COMPLAINT FOR INJUNCTIVE RELIEF** |

**INTRODUCTION**

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for injunctive and other appropriate relief. The Center for Investigative Reporting ("CIR") and Lance Williams (collectively "Plaintiffs") seek processing and release of agency records requested from

Defendant, the United States Department of the Interior ("DOI").

2. On January 16, 2020, Plaintiffs submitted a FOIA request to DOI ("the Request") seeking disclosure of documents relating to meetings on California water issues involving DOI officials covering the second half of 2018. The Request was initially assigned to DOI's Office of the Secretary.

3. On May 6, 2020, as per instructions from DOI officials, Plaintiffs submitted the same Request to two other components of DOI: the DOI Bureau of Reclamation and the DOI Solicitor's Office.

4. To date, Defendant DOI's Office of the Secretary, Bureau of Reclamation, and Solicitor's Office have failed to issue final determinations as to the Request. Defendant has failed to comply with FOIA's statutory deadlines by not issuing final determinations as to the Request.

5. Plaintiffs have exhausted all other administrative remedies.

6. The requested records are of significant public interest because they relate directly to a secret meeting held in Lake Tahoe between DOI officials and California state officials to discuss the allocation of water resources in the state, as well as several related matters of substantial public controversy.

7. The requested records are of particular interest to Plaintiffs because, as members of the news media, they have an abiding interest in informing the public about matters of serious concern. Plaintiffs have reported on the allocation of resources in California and attendant public controversies, and request these records so that they may continue to do so.

8. Plaintiffs now ask the Court for an injunction requiring Defendant to promptly release the withheld records.

## JURISDICTION

9. The Court has subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. §§ 552(a)(4)(B) and 552(a)(6)(C)(i). This Court also has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1436, and 5 U.S.C. §§ 701–706.

**VENUE AND INTRADISTRICT ASSIGNMENT**

10. Venue is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1391(e) and 1402. Plaintiff CIR has its principal place of business in this district.

11. Assignment to the Oakland Division is proper pursuant to Local Rules 3-2(c) and (d) because a substantial portion of the events giving rise to this action occurred in Alameda County, where Plaintiff CIR's principal place of business is located and most actions in this case occurred.

**PARTIES**

12. Plaintiff CIR publishes *Reveal*, an online news site, at revealnews.org, and *Reveal*, a weekly public radio show with approximately 3 million listeners per week. Founded in 1977 as the first non-profit investigative news organization in the country, CIR has received multiple awards for its reporting. CIR is a non-profit established under the laws of the State of California, with its primary office in Emeryville, California.

13. Plaintiff Lance Williams is a staff reporter for *Reveal* and an employee of CIR.

14. Defendant DOI is a department of the executive branch of the United States government and an "agency" within the meaning of 5 U.S.C. § 552(f)(1). DOI has its headquarters in Washington, D.C., and approximately 2,400 operating locations for its various bureaus and offices across the country. DOI, *About,* https://www.doi.gov/about. DOI's Bureau of Reclamation is a component of DOI, with regional offices throughout the country, including in Fresno, CA and Sacramento, CA.

**FACTUAL BACKGROUND**

15. DOI was established in 1849 with the stated mission of "tak[ing] charge of the Nation's internal affairs" and overseeing "the internal development of the Nation [and] the welfare of its people." DOI, *History of the Department of the Interior*, https://www.doi.gov/whoweare/history/. Today, DOI "conserves and manages the Nation's natural resources and cultural heritage," "provides scientific and other information about natural resources and natural hazards to address societal challenges and create opportunities," and administers "responsibilities or special commitments to American Indians, Alaska Natives, and affiliated island communities." DOI, *About: Mission*, https://www.doi.gov/about.

16. There are a number of offices and bureaus within DOI which focus on different aspects of its broad mandate. Relevant to this case are the Office of the Secretary, Bureau of Reclamation, and Office of the Solicitor. DOI's Office of the Secretary is an office within DOI that oversees a variety of DOI offices, including DOI's FOIA program, among others. DOI, *Interior Offices*, https://www.doi.gov/bureaus/offices. DOI's Office of the Solicitor is the office within DOI which "performs the legal work for the United States Department of the Interior, manages the Department's Ethics Office and resolves FOIA Appeals." DOI, *Office of the Solicitor*, https://www.doi.gov/solicitor/.

17. DOI's Bureau of Reclamation was established in 1902 with the stated mission of "manag[ing] develop[ing], and protect[ing] water and related resources in an environmentally and economically sound manner in the interest of the American public." U.S. Bureau of Reclamation, *About Us: Mission*, https://www.usbr.gov/main/about/mission.html. The Bureau of Reclamation is "the largest wholesaler of water in the country" and serves as "a contemporary water management agency," seeking to "meet new water needs and balance the multitude of competing uses of water in the West." *Id.*

18. According to a news article relying on comments by a spokesperson for the California Department of Water Resources,[1] in August 2018, a meeting occurred between DOI officials and California state officials, who convened at a hotel in Lake Tahoe, California to "reconcile some long-standing differences involving tunnels, fish, rivers and more" ("the Tahoe meeting"). *Id.* According to the article, topics discussed at the Tahoe meeting included then-Governor Jerry Brown's "$17 billion plan to build twin tunnels under the Sacramento-San Joaquin River Delta, the coordinated operation of state and federal projects that shuttle water from the wet north to farms and cities in the arid south, and California's controversial proposal to reduce water deliveries to farmers from the San Joaquin River to benefit fish." *Id.* The article also stated that the meeting "was held at a resort and conference center on Tahoe's North Shore." *Id.* Based on records obtained by Plaintiffs, the Tahoe

---

[1] While the meeting has not otherwise been officially acknowledged, as it was "largely kept under wraps," the California Department of Water Resources spokesperson confirmed that the meeting indeed occurred. Jeremy P. Jacobs & Michael Doyle, *Western Water Honchos Secretly Huddle on Tunnels, Fish*, E&E News, Aug. 24, 2018, https://www.eenews.net/stories/1060095217.

meeting took place at a facility called "Granlibakken Tahoe."

19.  According to the official calendar for then-Deputy Interior Secretary, David Bernhardt, Secretary Bernhardt participated in several days of meetings at Granlibakken Tahoe in late August 2018.  A true and correct copy of Secretary Bernhardt's calendar from August 22, 2018 through August 24, 2018 is attached as Exhibit A.  Secretary Bernhardt's calendar indicated he was engaged at Granlibakken Tahoe "[a]ll day" on August 22, 2018 and August 23, 2018. Ex. A.  The calendar also indicated meetings and calls took place during this time and that Secretary Bernhardt travelled via commercial flight from Washington, D.C. to Reno, NV on August 22, 2018, and returned to D.C. on August 24. *Id.*

20.  As part of his reporting, Mr. Williams has sent public records requests to California state agencies for records related to the Tahoe meeting under the California Public Records Act, Cal. Gov't Code § 6250 *et seq.*, in addition to the instant FOIA requests.  In response to a request to the California Department of Water Resources, Mr. Williams received, among other documents, invoices from Granlibakken Tahoe showing that an official with the California Department of Water Resources stayed at the hotel between August 18, 2018, and August 23, 2018—the same period during which the meeting occurred and during the same period as Secretary Bernhardt's stay at Granlibakken Tahoe.  *See* Ex. A.  A true and correct copy of the invoice for the California Water Department official's stay is attached as Exhibit B.  The invoice also classified the reimbursable "report" as "TEC for Tahoe Negotiations." Ex. B.  Based on these records, Plaintiffs can reasonably conclude that Secretary Bernhardt was present at the Tahoe meeting, and that the meeting occurred at Granlibakken Tahoe, despite a lack of confirmation from DOI.

21.  The topics discussed at the Tahoe meeting, and the allocation of water resources in California more generally, are subject to intense public interest.  The so-called "twin tunnels" project, former California Governor Jerry Brown's "plan to build two massive tunnels under the Sacramento-San Joaquin River Delta to make it easier to move water from the north to the south," Paul Rogers, *Newsom Officially Kills Jerry Brown's Delta Twin Tunnels Project*, MERCURY NEWS, May 2, 2019, https://www.mercurynews.com/2019/05/02/newsom-officially-kills-jerry-browns-delta-twin-

tunnels-project/, has garnered substantial media attention for years. *See, e.g.*, *id.*; Peter Fimrite, *Big Setback for Gov. Brown's Twin Tunnels Delta Water Project*, S.F. CHRONICLE, Dec. 7, 2018, https://www.sfchronicle.com/news/article/Big-setback-for-Gov-Brown-s-twin-tunnels-delta-13451160.php; Nick Cahill, *Newsom Wades into Decades-Long Bid to Wring More Water for California*, COURTHOUSE NEWS SERV., Jan. 21, 2020, https://www.courthousenews.com/newsom-wades-into-decades-long-bid-to-wring-more-water-for-california/.

22. The diversion of water from Northern California to the Central Valley and Southern California is an aspect of the twin tunnels plan that has long been the subject of public debate, Michelle Horton, *Stanford Experts Discuss Impacts of Downsizing the Delta Twin Tunnels Project*, STANFORD NEWS, Feb. 14, 2019, https://news.stanford.edu/2019/02/14/impacts-downsizing-delta-twin-tunnels-project/, and was also discussed at the Tahoe meeting. Jeremy P. Jacobs & Michael Doyle, *Western Water Honchos Secretly Huddle on Tunnels, Fish,* E&E NEWS, Aug. 24, 2018, https://www.eenews.net/stories/1060095217. The conflict between powerful Southern California water interests and the interests of smaller communities in the Sacramento-San Joaquin River Delta has garnered substantial controversy. Michelle Horton, *Stanford Experts Discuss Impacts of Downsizing the Delta Twin Tunnels Project*, STANFORD NEWS, Feb. 14, 2019, https://news.stanford.edu/2019/02/14/impacts-downsizing-delta-twin-tunnels-project/. Further complicating the conflicting interests at stake, prior to his appointment to the DOI, Secretary Bernhardt served as the general counsel for Wetlands Water District, the affected area's "single largest water user." Alex Tavlian, *Interior Dept. Sued Over Obama-Era Law to Cement Valley Water Contracts*, SAN JOAQUIN VALLEY SUN, May 21, 2020, http://sjvsun.com/ag/interior-dept-sued-over-obama-era-law-to-cement-valley-water-contracts/.

23. Mr. Williams, on behalf of CIR, requested these records so that he may report on a matter of public interest. As part of his work for CIR, Mr. Williams reports on the operations of federal agencies, including DOI, *see* Lance Williams, *Trump Interior Nominee Fast-Tracked a 'Deficient' Drilling Permit*, REVEAL, Nov. 4, 2019, https://www.revealnews.org/article/trump-interior-nominee-fast-tracked-a-deficient-drilling-permit/, as well as the fair distribution of resources in California. Lance Williams, Will Evans, & Will Carless, *California Created A Massive Medical*

*Reserve—With Acute Care Beds, Ventilators and N95 Masks—Then Let It Collapse*, REVEAL, Mar. 27, 2020, https://www.revealnews.org/article/california-created-a-massive-medical-reserve-with-acute-care-beds-ventilators-and-n95-masks-and-let-it-collapse/.  Mr. Williams requests these records so he can continue to do the important work of reporting on matters of public concern.

## PROCEDURAL BACKGROUND

24. On January 16, 2020, Mr. Williams submitted a FOIA request to DOI on behalf of CIR seeking documents concerning meetings about California water issues that involved DOI officials. A true and correct copy of the Request is attached as Exhibit C. Specifically, Mr. Williams requested "all documents, including emails, concerning or referencing meetings on California water issues involving [DOI] officials." Ex. C. Mr. Williams further clarified that he believed the "meetings were held at Lake Tahoe, CA[] in August, 2018, possibly at a hotel and convention center called GRANLIBAKKEN Tahoe in Tahoe City." *Id.*

25. In the Request, Mr. Williams explained that he believed "the meetings included then-Deputy Interior Secretary David Bernhardt and other officials of [DOI] and the Bureau of Reclamation" in addition to California state officials. *Id.* Mr. Williams noted that "Mr. Bernhardt's calendar indicate[s] he was present" at the meetings. *Id.*; *see* Ex. A. Mr. Williams also cited an interview with an official with the California Department of Water Resources "confirming that the meetings had occurred." Ex. C; *see* Jeremy P. Jacobs & Michael Doyle, *Western Water Honchos Secretly Huddle on Tunnels, Fish,* E&E NEWS, Aug. 24, 2018, https://www.eenews.net/stories/1060095217**.** Finally, Mr. Williams requested expedited processing and a fee waiver for the Request. Ex. C.

26. On February 18, 2020, Mr. Williams received a letter from DOI's Office of the Secretary acknowledging the Request, denying his request for a fee waiver as moot, and denying his request for expedited processing. A true and correct copy of the acknowledgement letter is attached as Exhibit D. In the letter, DOI informed Mr. Williams that the Request had been assigned "control number OS-2020-00229." Ex. D. It also stated that the agency did not anticipate that there would be any payable fees associated with responding to the request, making the request for a fee waiver

moot. *Id.* Finally, DOI denied Mr. Williams's request for expedited processing because he had "no[t] provided enough reasoning why this is an urgent public matter." *Id.*

27. On March 27, 2020, Mr. Williams received an email from an official with DOI's Office of the Secretary informing him that he "also need[ed] to file a FOIA request with the Bureau of Reclamation FOIA office, and the Office of the Solicitor FOIA office[,]" and that the Office of the Secretary would be handling certain portions of the Request, while the other two DOI components would handle others. A true and correct copy of this email is attached as Exhibit E.

28. On May 6, 2020, Mr. Williams sent the FOIA Request to DOI's Bureau of Reclamation as per the Office of the Secretary's instructions. *See* Ex. E. Mr. Williams included the text of the Request with the addition of a statement explaining that the Office of the Secretary had instructed him to submit the Request to the Bureau of Reclamation. A true and correct copy of the Request as sent to the Bureau of Reclamation is attached as Exhibit F.

29. On May 6, 2020, Mr. Williams sent the FOIA Request to DOI's Office of the Solicitor as per the Office of the Secretary's instructions. *See* Ex. E. Mr. Williams included the text of the Request with the addition of a statement explaining that the Office of the Secretary had instructed him to submit the Request to the Office of the Solicitor. A true and correct copy of the Request as sent to the Office of the Solicitor is attached as Exhibit G.

30. On May 20, 2020, Mr. Williams received a letter from DOI's Bureau of Reclamation acknowledging the Request, granting his request for a fee waiver, and denying his request for expedited processing. A true and correct copy of the Bureau of Reclamation's acknowledgement letter is attached as Exhibit H. In the letter, the Bureau of Reclamation informed Mr. Williams that his request had been assigned tracking number BOR-2020-00169. Ex. H. It also noted that the Bureau of Reclamation had "begun the search for records" and that Mr. Williams's "request for a fee waiver is granted." *Id.* Finally, the acknowledgement letter denied Mr. Williams's request for expedited processing, stating that the Request "does not contain enough evidence to support" the Bureau of Reclamation's criteria for expedited processing, as, in its view, "[r]ecords regarding the 2018 meeting do not appear to have the type of breaking news urgency that would be lost if the records are not published quickly." *Id.*

31. Mr. Williams has not received an acknowledgement of the Request from the Office of the Solicitor or any other correspondence from the Office of Solicitor regarding the Request.

32. Mr. Williams has received no further correspondence from any DOI component regarding the Request. More than 20 working days have passed since Plaintiffs submitted the Request to the Office of the Secretary on January 16, 2020, and more than 20 working days have passed since Plaintiffs submitted the Request to Bureau of Reclamation and the Office of Solicitor on May 6, 2020.

33. DOI has failed to comply with FOIA, 5 U.S.C. § 552(a)(6)(A)(i), which requires that an agency make determinations with respect to a request within 20 business days.

34. Having exhausted all administrative remedies, Plaintiffs now seek injunctive relief.

## CAUSE OF ACTION

### Violation of Freedom of Information Act

35. Plaintiffs repeat and reallege paragraphs 1-34.

36. DOI is subject to FOIA and must therefore release in response to a FOIA request any disclosable records in its possession and provide a lawful reason for withholding any materials as to which it is claiming an exemption.

37. DOI has improperly delayed the Request, which warranted expedited processing.

38. DOI has failed to issue a final determination as to Plaintiffs' Request within the 20 business days required by FOIA. *See* 5 U.S.C. § 552(a)(6)(A)(i). Accordingly, Plaintiffs are deemed to have exhausted their administrative remedies under FOIA.

39. Plaintiffs are entitled to declaratory and injunctive relief compelling the expedited release and disclosure of the requested records.

## REQUESTED RELIEF

WHEREFORE, Plaintiffs prays that this Court:

1. Declare that Defendant DOI violated FOIA by failing to provide requested records in response to Plaintiffs' Request and failing to notify Plaintiffs of a final determination as to the Request within the statutory time limit;

    2.    Declare that the documents sought by their Request, as described in the foregoing paragraphs, are public under 5 U.S.C. § 552 and must be disclosed;

    3.    Order Defendant DOI to expeditiously provide the requested documents to Plaintiffs within 20 business days of the Court's order;

    4.    Award Plaintiffs the costs of this proceeding, including reasonable attorneys' fees, as expressly permitted by FOIA; and

    5.    Grant Plaintiffs such other and further relief as this Court may deem just and proper.

DATED: July 2, 2020

Respectfully submitted,

By: _____
D. Victoria Baranetsky (SBN 311892)
Rachel Brooke (SBN 330505)
THE CENTER FOR INVESTIGATIVE REPORTING
1400 65th St., Suite 200
Emeryville, CA 94608
Telephone: (510) 809-3160
Fax: (510) 849-6141
Email: vbaranetsky@revealnews.org
rbrooke@revealnews.org

Attorneys for Plaintiffs

All Attorneys concur in the filing of this complaint.